Filed 7-12-17
Clerk, U. S. District Court
Western District of Texas
By
Deputy

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| United States of America | § | |
|    *Plaintiff* | § | |
| | § | |
| vs. | § | Case Number: SA:17-M -00786(1) ESC |
| | § | |
| In the Matter of the Extradition of | § | |
| Ager Mohsin Hasan | § | |
|    *Defendant* | | |

## ORDER OF DETENTION AND
## SETTING PUBLIC EXTRADITION HEARING

On July 12, 2017, the Government filed a complaint pursuant to 18 U.S.C. § 3184 that seeks the extradition of Ager Mohsin Hasan ("Defendant") from the United States to Canada. Following Defendant's arrest, the Court held an initial appearance, at which Defendant was advised of his rights and was informed: (1) of the charges upon which Canada seeks extradition; (2) of his right to a public extradition hearing under 18 U.S.C. § 3189; and (3) of the right of detainees to have the United States pay costs for subpoenaing material witnesses under the circumstances described in 18 U.S.C. § 3191.

The Court also informed Defendant that he would be detained until his public extradition hearing. Section 3184 makes no provision for bail, and the Bail Reform Act does not apply. *In re Extradition of Garcia*, 761 F.Supp.2d 468, 470 (S.D. Tex. 2010). Unlike in a situation where a defendant is charged with a domestic crime, there is a presumption against bail in extradition cases. *See In re Extradition of Russell*, 805 F.2d 1215, 1216 (5th Cir.1986) ("Bail should be denied in extradition proceedings absent 'special circumstances.' ") (citing *Wright v. Henkel*, 190 U.S. 40, 62-63 (1903)). Therefore, absent special circumstances, a court should detain a defendant pending an extradition hearing. *Id.* at 1217. Nothing in this Order should be construed to preclude counsel for Defendant from requesting release on bond should counsel believe that special circumstances exist that warrant Defendant's release.

In light of the foregoing:

IT IS ORDERED that Defendant is remanded to the custody of the Attorney General or the Attorney General's designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS FURTHER ORDERED that the above entitled and numbered case is set for a public extradition hearing at 3:30 PM, in Courtroom B, on the 4th Floor in the John H. Wood, Jr. United States Courthouse, 655 East Cesar E. Chavez Boulevard, San Antonio, TX on Monday, September 11, 2017.

IT IS FINALLY ORDERED that the Clerk of Court shall send a copy of this order to counsel for defendant, the United States Attorney, U.S. Pretrial Services, United States Probation Office, and any surety or custodian, if applicable. Further, counsel for the defendant shall notify the defendant of this setting.

IT IS SO ORDERED this 12th day of July, 2017.

ELIZABETH S. ("BETSY") CHESTNEY
U.S. MAGISTRATE JUDGE