UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF:<br><br>AGER MOHSIN HASAN | §<br>§<br>§  CAUSE NO. 5:17-MJ-00786-ESC<br>§<br>§<br>§<br>§ |

### AGER MOHSIN HASAN'S MOTION FOR BAIL

Ager Mohsin Hasan, who faces extradition to Canada, moves this Court for release on bail. He does not pose a risk of flight from San Antonio and is not a danger to the community. Furthermore, special circumstances warrant bail in his case, namely bail is available in Canada for the underlying offenses and probable cause does not support the charge of murder.

### I. Background

On July 12, 2017, the United States Attorney General's Office began an extradition proceeding against Mr. Hasan by filing, in this Court, a complaint on behalf of the Canadian government that charges him with failure to comply with recognizance, breaking and entering, assault, and second-degree murder. *See* ECF No. 1, at 2. Because the Canadian government had not yet submitted its formal extradition request, Mr. Hasan, who was arrested on July 11, 2017, was detained at the GEO detention facility, pursuant to a provisional arrest warrant, with a view towards extradition. *See* ECF No. 2. So that he would have representation throughout the proceeding, the Court appointed the Federal Public Defender to do so. *See* ECF No. 6. On September 28, 2017, the U.S. Attorney General's Office delivered the Certified Formal Extradition Package and accompanying certified documents to the Federal Public Defender. Mr. Hasan's extradition hearing is now set for October 24, 2017.

## II. Discussion

In addition to the two prerequisites of lack of risk of flight and lack of danger to the community, if special circumstances exist in Mr. Hasan's case, the Court has the power to grant him bail. *See Wright v. Henkel*, 190 U.S. 40, 63 (1903) (establishing the special-circumstances requirement); *see United States v. Ramnath*, 533 F. Supp. 2d 662, 665 (E.D. Tex. 2008) (stating that lack of risk of flight and of danger to the community are the two prerequisites for setting bail and that existence of a special circumstance is an additional requirement). The special-circumstances standard, which has not been precisely defined, requires a case-specific analysis of whether a sufficient circumstance, or a combination of factors, exist that would reverse the strong presumption against bail in extradition cases. *See In re Extradition of Santos*, 473 F. Supp. 2d 1030, 1036 (C.D. Cal. 2006); *Ramnath*, 533 F. Supp. 2d at 666 (stating that the additional special-circumstances requirement can be established by a combination of factors that constitute a special circumstance). Here, such special circumstances exist, namely 1) bail is available in Canada for the underlying offenses and 2) probable cause does not support the most serious charge of murder.

**A. Mr. Hasan Does Not Pose a Risk of Flight from San Antonio and Is Not a Danger to the Community.**

Mr. Hasan does not pose a risk of flight from San Antonio because 1) since arriving in early May, he lived in San Antonio, and 2) his proposed restrictive conditions of release would guarantee his appearance in court.

Mr. Hasan's proposed restrictive conditions of release, which are similar to those that he would propose in Canada, would guarantee his appearance in court. *See In re Gannon*, 27 F.2d 362, 363–64 (E.D. Pa. 1928) (granting release on bail in a Canadian extradition case and noting that "[a] bail bond is process, and has no other function than to give assurance of attendance, so that there may be submission to the decrees of the court."). In addition to a bond, secured by a

surety, Mr. Hasan's release conditions would include both home detention and continuous electronic monitoring. Further restricting his mobility is the fact that his passport has been surrendered and cancelled. Mr. Hasan also would have no contact with the deceased's family. To ensure that he complies with all of his release conditions, both Mr. Hasan's mother, Sozan Jamil, and his father, Mohsin Mostafa, are willing to do everything necessary, including living in San Antonio with Mr. Hasan or traveling back to Canada with Mr. Hasan.

Furthermore, Mr. Hasan is not a danger to the community because he has no prior criminal record and no history of substance abuse. *See Santos*, 473 F. Supp. 2d at 1042 (finding that the relator had met his burden to show that he did not pose a risk of danger to anyone or the community because of his lack of a criminal record and of the "questionable evidentiary foundation" for the violent felony charges of aggravated homicide of a child and kidnapping).

**B. Special Circumstances Warrant Bail.**

In addition to meeting the bail prerequisites of lack of risk of flight and lack of danger to the community, Mr. Hasan meets the additional requirement of special circumstances. Specifically, the special circumstances that exist in his case are 1) the availability in Canada of bail to an individual who is charged with the same offenses as Mr. Hasan and 2) the lack of probable cause to support the second-degree murder charge. *See United States v. Ramnath*, 533 F. Supp. 2d 662, 675 (E.D. Tex. 2008) ("Availability of bail in the requesting state for the underlying crime has been recognized as a special circumstance justifying pre-hearing bail in the requested state.").

First, for an individual in Canada, who is charged with the same offenses as Mr. Hasan is, bail would be available. Defense counsel has conferred with a Canadian attorney who confirmed that a person charged with homicide has been granted bail.

Second, probable cause does not support the most serious charge of second-degree murder. To establish that the requested extradition of Mr. Hasan is warranted, the U.S. Attorney General's Office, on behalf of the Canadian government, must show, in part, that probable cause exists to believe that he is guilty. *See Fernandez v. Phillips*, 268 U.S. 311, 312 (1925) (setting out the general principles relating to extradition). Specifically, "evidence warranting the finding that there was reasonable ground to believe the accused guilty" must be offered. *Id.* Such evidence has not. The closed-circuit-television footage, which is offered as evidence that Mr. Hasan was with the deceased shortly before she was murdered, does not show who the individuals are. The police officer's affidavit describing this footage implicitly acknowledges the weakness of this evidence. *See* Gov't's Ex. 2, at 59. And, casting doubt on his knowledge of the murder, the forensic analysis of the deceased's phone shows a message from Mr. Hasan, which was time stamped after the time of her death.

These two factors constitute independent special circumstances that warrant bail in Mr. Hasan's case.

### III.

The Government opposes this motion.

### Conclusion

For these reasons, and in the interests of justice and of protection of individuals' due process rights, Ager Mohsin Hasan moves for release on bail. Alternatively, he requests a hearing

on his motion at the same time as his extradition hearing. If the Court, however, denies Mr. Hasan's Motion for Bail, he requests that the denial be without prejudice.

        Respectfully submitted.

        MAUREEN SCOTT FRANCO
        Federal Public Defender

        /s/ ANGELA SAAD LINDSEY
        Assistant Federal Public Defender
        Western District of Texas
        727 East César E. Chávez Blvd., B–207
        San Antonio, Texas 78206–1205
        (210) 472-6700
        (210) 472-4454 (Fax)
        Bar Number: Texas  24059016

        *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I certify that on October 20, 2017, I electronically filed Ager Mohsin Hasan's Motion for Bail with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Priscilla Garcia
Assistant United States Attorney
601 N. W. Loop 410, Suite 600
San Antonio, Texas 78216

/s/ ANGELA SAAD LINDSEY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE EXTRADITION OF: <br><br> AGER MOHSIN HASAN | § § § § § § § | CAUSE NO. 5:17-MJ-00786-ESC |

**ORDER**

Having considered Ager Mohsin Hasan's Opposed Motion for Bail, the Court finds that the motion should be GRANTED, provided that he complies with the attached conditions.

Signed this _____ day of October, 2017.

E<span>LIZABETH</span> S. C<span>HESTNEY</span>
United States Magistrate Judge