

**United States Department of Justice**

*United States Attorney's Office*
*Western District of Texas*

---

*Priscilla Garcia*  *601 NW Loop 410 Suite 600*  *(o) 210-384-7018*
*Assistant United States Attorney*  *San Antonio, Texas 78216-5512*  *(f) 210-384-7121*

November 14, 2017

Federal Public Defender's Office
Ms. Angela Saad Lindsey
727 E. Cesar E. Chavez Blvd.
San Antonio, Texas  78206-1278

RE:  *In re: Extradition of AGER MOHSIN HASAN*, Case No. SA-17-MJ-00786(1) ESC

Dear Ms. Lindsey:

On November 8, 2017, Judge Elizabeth S. ("Betsy") Chestney issued an order certifying the request for the extradition of AGER MOHSIN HASAN to Canada and committing him to the custody of the U.S. Marshal pending the decision of the Secretary of State regarding extradition and surrender.

Please take note of the following information concerning the next steps in the extradition process, including the government's position regarding the need for stays should the Ager Mohsin Hasan decide to challenge the certification decision in court.

The Extradition Determination by the Secretary of State

Once an Extradition Certification and Committal Order (Certification) has been issued, the Secretary of State proceeds to determine whether to surrender the fugitive to the requesting state. 18 U.S.C. §§ 3186, 3188.  In consideration of 18 U.S.C. § 3188, the Secretary of State may decide at any time after Certification whether to surrender the fugitive and, if extradition is granted, typically the fugitive is surrendered within two calendar months of the issuance of the Certification.  Individuals or their representatives desiring to submit materials for the Secretary's consideration in making the extradition determination should send their submissions as soon as possible following the Certification to the Department of State's Office of the Legal Adviser for Law Enforcement and Intelligence (L/LEI).

Submitting materials electronically, rather than by hard copy, is strongly encouraged.  Materials should be sent with the subject line "Extradition Submission:  AGER MOHSIN HASAN," and directed to Extradition@state.gov.  For those materials which must be submitted in hard copy, or if electronic means is not available, the Department of State encourages use of a delivery service such as Federal Express or UPS, which typically provides delivery within two days and offers online tracking and delivery confirmation.  Delivery via the U.S. Postal Service can take two

weeks or longer because of the security screening process.  Send hard-copy materials to:  U.S. Department of State, Office of the Legal Adviser for Law Enforcement and Intelligence, Room 5419, ATTN:  Amber Kluesener, 2201 C Street NW, Washington, D.C. 20520, (202) 647-5111.

Effect of Filing of Petition for Writ of Habeas Corpus

In contrast to a criminal conviction, the Certification is not directly appealable and is subject to a limited review by way of a petition for a writ of habeas corpus to the district court.  18 U.S.C. § 2241.  "[H]abeas corpus is available only to inquire whether the magistrate had jurisdiction, whether the offense charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty."  *Fernandez v. Phillips*, 268 U.S. 311, 313 (1925).  If a habeas petition is filed, the Secretary will suspend review of the extradition matter, and will resume review only when and if the district court denies the petition.  Consequently, there is no need to obtain any form of stay, provided that the habeas petition has been filed.  However, the Secretary will proceed with decision-making absent such filing.  Please consult with the undersigned regarding any habeas filing and an agreed briefing schedule.

In addition, the two-calendar-month period following certification, within which surrender would normally occur pursuant to 18 U.S.C. § 3188, is suspended and starts over again if and when the district court denies habeas relief.  If the district court denies habeas, the fugitive is subject to surrender to Canada at any time thereafter, even if an appeal from the denial of habeas is pending, unless a stay of the district court's habeas denial is in place or a stay application has been filed pursuant to Federal Rule of Appellate Procedure 8(a).[1]

Please contact me if you have any questions regarding the above, including an agreed briefing schedule in the event habeas is pursued.

Sincerely,


PRISCILLA GARCIA
Assistant United States Attorney

cc:  Court File Case No. SA-17-MJ-00786(1) ESC
cc:  Office of International Affairs, U.S. Department of Justice

---

[1] By providing this information, the United States does not concede that any stay would be appropriate were appellate litigation pursued in the circuit courts. The United States may oppose any application for a stay on the grounds that the fugitive has not met the burden for granting a stay, *i.e.*, a strong showing of a likelihood of success on the merits; irreparable harm absent a stay; any stay will not injure the opposing party; and a stay will be in the public interest.  See *Nken v. Holder*, 556 U.S. 418, 434 (2009).